J-S10029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RICHARD W. KINNARD II | : | |
| Appellant | : | No. 543 MDA 2025 |

Appeal from the PCRA Order Entered March 21, 2025
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000443-2016

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                              **FILED JUNE 30, 2026**

Richard W. Kinnard II ("Kinnard") appeals pro se from the order entered by the Lebanon County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because the petition is untimely and Kinnard failed to establish an exception to the statutory time-bar, we affirm.

This Court previously set forth the relevant underlying facts:

[O]n the night of September 18 to September 19, 2015, [Kinnard], Michael Rivera [("Rivera")], and several others were drinking at a house in York, Pennsylvania.  Rivera added MDMA (a.k.a. "Molly") to a bottle of alcohol.  [Kinnard] did not see Rivera do this, and [Kinnard] subsequently drank a shot from that bottle. [Kinnard's] group then went to Vinny's Good Time Night Club (Vinny's) in Lebanon, Pennsylvania to continue drinking.  Later that evening, Corey Bryan [("Bryan")], a security guard, expelled

---

[1]  42 Pa.C.S. §§ 9541-9546.

[Kinnard] and another man from Vinny's. [Kinnard] returned to Vinny's a short time later and several gunshots rang out. Bryan was hit by three bullets and killed. Another bullet wounded a patron inside Vinny's who survived her injuries.

*Commonwealth v. Kinnard*, 307 A.3d 678, *1 (Pa. Super. 2023) (non-precedential decision).

The case proceeded to a jury trial, at which Dr. Jerome Gottlieb testified as an expert for the defense. Dr. Gottlieb explained the effects of combining alcohol and MDMA, stating the combination effectively disinhibits the user and would magnify any tendencies toward aggression or violence. He did not examine Kinnard or review toxicology or blood test results for Kinnard.

Ultimately, the jury found Kinnard guilty of, inter alia, first-degree murder. The trial court sentenced Kinnard to life in prison without the possibility of parole. This Court affirmed the judgment of sentence, and on March 12, 2019, the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Kinnard*, 1296 MDA 2017, 2018 WL 4560454 (Pa. Super. 2018) (non-precedential decision), *appeal denied*, 204 A.3d 362 (Pa. 2019).

Kinnard filed a timely pro se PCRA petition on January 22, 2020. The PCRA court appointed counsel, who filed an amended PCRA petition alleging several claims of ineffective assistance of trial counsel. Following an evidentiary hearing, held on March 11, 2022, the PCRA court denied Kinnard's petition on May 9, 2022.

After the appointment of new counsel, Kinnard appealed the denial. Although the record is not entirely clear, it appears Kinnard contacted Dr. Lawrence Guzzardi on his own accord at some point during the pendency of his first PCRA petition to obtain a second expert opinion regarding the effects MDMA and alcohol had on his ability to form the intent to kill. Dr. Guzzardi and Kinnard reportedly spoke by phone and Dr. Guzzardi sent his findings to Kinnard's appellate PCRA counsel in a letter dated December 26, 2022. This letter, however, was never filed of record or presented to the PCRA court.

Kinnard raised numerous claims on appeal, including that initial PCRA counsel rendered ineffective assistance by "failing to request that Dr. Gottlieb, or another toxicology expert, examine [him] prior to the PCRA evidentiary hearing." *Kinnard*, 307 A.3d 678 at *8. The prior panel of this Court found that he did not "sufficiently develop his claim," as he presented "only bald assertions that prior PCRA counsel lacked a reasonable basis for failing to request an evaluation." *Id.* at *10. The panel further found that he did not show he was prejudiced by initial PCRA counsel's failing in this regard because he did not plead and prove that Dr. Gottlieb or a toxicology expert was willing and available to testify at his PCRA hearing. *Id.* In reaching the latter determination, the Court stated it "may not consider the unsigned letter from Dr. Guzzardi included in [Kinnard's] brief because that letter is not part of the certified record." *Id.* at *10 n.9.

Kinnard also raised a claim on appeal that trial counsel provided ineffective assistance by failing to present a diminished capacity defense based upon his intoxication at the time of the murders.[2] *Id.* at *4. The prior panel found, based upon the credibility determinations reached by the PCRA court (finding the testimony of Kinnard's trial counsel credible and Kinnard's testimony to be incredible), that Kinnard's trial counsel "advised [him] that he could pursue a diminished capacity defense, [Kinnard] rejected their advice, and that [he] instead directed trial counsel to pursue an innocence defense." *Id.* at *6 (citation to PCRA court opinion omitted).

Finding no merit to these claims, or any others raised by Kinnard on appeal, we affirmed the PCRA court's decision on October 23, 2023.

On May 13, 2024, Kinnard filed his second PCRA petition pro se raising several claims, including layered claims of ineffective assistance of counsel for failing to have Kinnard evaluated by an expert toxicologist. The PCRA court appointed Kinnard counsel, who filed an amended PCRA petition on November 1, 2024. On December 5, 2024, the PCRA court issued a comprehensive notice of its intent to dismiss Kinnard's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. The PCRA court issued a

---

[2] Kinnard also claimed the trial court erred by refusing to instruct the jury on the defense of involuntary intoxication. *Kinnard*, 307 A.3d 678 at *4. The prior panel found this claim waived, however, as it was raised for the first time on appeal. *Id.* (quoting Pa.R.A.P. 302(a) ("Issues not raised before the trial court are waived and cannot be raised for the first time on appeal.")).

supplemental opinion that same day in response to Dr. Guzzardi's May 4, 2024 report, which the court stated it received appended to a pro se letter Kinnard sent to the trial court that "expressed dismay that [appointed PCRA counsel] did not pursue all of the arguments that Kinnard wished to proffer." PCRA Court Supplemental Opinion, 12/5/2024, at 13 (unnecessary capitalization omitted). Though recognizing that neither counsel nor Kinnard argued that this report, or the information contained therein, satisfied any exception to the PCRA's time bar, the PCRA court sua sponte extensively considered this question, ultimately concluding that "Dr. Guzzardi's report does not hurdle the threshold requirement of the 'newly[-]discovered fact' exception for PCRA untimeliness. *See id.* at 15-23. The court thus determined it would "stand[] by everything written" in its original Rule 907 decision that Kinnard's amended petition was subject to dismissal without a hearing. *Id.* at 23.

Kinnard filed a response pro se, purporting to raise numerous additional claims not raised by counsel in the amended petition. The trial court entered an order and opinion on January 24, 2025, wherein it concluded that Kinnard's pro se filing constituted an impermissible attempt to raise new claims not previously included in his amended PCRA petition and entered an order dismissing his amended petition. Trial Court Opinion, 1/24/2025, at 5-6.

Counsel for Kinnard filed a motion for reconsideration on February 7, 2025, seeking the ability to file another amended PCRA petition on Kinnard's behalf. The PCRA court granted reconsideration and withdrew its January 24

opinion and order. Therein, it cautioned Kinnard that no new issues not previously contained in the first amended PCRA petition filed by counsel would be considered. *See* PCRA Court Order, 2/12/2025.[3] Counsel filed a second amended PCRA petition on March 14, 2025, nonetheless asserting numerous new claims, including a constitutional violation based upon the trial court's failure to instruct the jury on voluntary and involuntary intoxication, two claims of trial court error, and fourteen claims of ineffectiveness of counsel. *See* Amended PCRA Petition, 3/14/2025, ¶¶ 16-17. On March 21, 2025, the PCRA court entered an order and opinion adopting its December 5, 2024 decision and dismissing Kinnard's PCRA petition without a hearing.

Kinnard, through counsel, filed a notice of appeal. Subsequent to the filing of the appeal, however, Kinnard requested to proceed pro se. Following a hearing held pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court granted his request and allowed counsel to withdraw.

Before we assess the merits of Kinnard's claims, we must answer the threshold question of whether his second PCRA petition was filed timely, or alternatively, whether he satisfies an exception to the statutory time bar. *See*

---

[3] Based upon the language of the February 12 order and the subsequent opinion issued in response to counsel's second amended PCRA petition, it appears the PCRA court intended to allow counsel to file a response to its Rule 907 notice, not an amended PCRA petition. A PCRA court has no obligation to allow a petitioner to file an amended, serial PCRA petition. *Commonwealth v. Keys*, 328 A.3d 1141, 1149 (Pa. Super. 2024). Kinnard does not contest this aspect of the PCRA court's decision on appeal, so we do not address this further.

*Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) (noting "the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "The question of whether a petition is timely raises a question of law, and where a petitioner raises a question of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves one of the exceptions to the timeliness requirement. 42 Pa.C.S. § 9545(b)(1). These exceptions include:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 7 -

> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any PCRA petition invoking one of the exceptions listed above must be filed within one year of the date the claim could have been presented. *Id.* § 9545(b)(2).

Kinnard's judgment of sentence became final on June 10, 2019, after the time to file a writ of certiorari in the United States Supreme Court expired. *Id.* § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review"). Therefore, to be timely, Kinnard's PCRA petition must have been filed on or before June 10, 2020. Kinnard's present PCRA petition, filed on May 13, 2024, is facially untimely.

The PCRA court found that Kinnard failed to raise any exception to the PCRA's time bar in his amended PCRA petition. PCRA Court Opinion, 12/5/2024, at 6.[4] Our review of the record confirms this to be true. Although

---

[4] The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) wherein it relied upon its December 5, 2024 opinion. *See* PCRA Court Opinion, 5/28/2025, at 5.

counsel listed the time-bar exceptions in Kinnard's amended PCRA petition and the statutory requirements for their applicability, counsel made no attempt to invoke one of the exceptions or make an argument that any applied to Kinnard's second PCRA petition. *See* Amended PCRA Petition, 3/14/2025, ¶¶ 8-13.

In his brief before this Court, Kinnard only states that Dr. Guzzardi's "expert report created a disputed factual issue[] not resolvable on the existing record." Kinnard's Brief at 22 (unnecessary capitalization omitted). He makes no claim that he satisfied any exception to the PCRA's time bar. To the contrary, he contends that he was not required to establish the newly discovered fact exception for Dr. Guzzardi's report because he "introduced" it in this Court during the pendency of his first PCRA appeal.[5] *Id.* at 23. He then continues by addressing the elements of an after-discovered evidence

_____

[5] In his reply brief, Kinnard changes his tune and instead advances, for the first time, an argument that the information contained in Dr. Guzzardi's report constitute newly-discovered facts. *See* Kinnard's Reply Brief at 11-16. As we have previously recognized in a strikingly similar situation, "[t]here are two obvious problems …: (1) The claim was not raised in his PCRA petition, and thus, it is waived, and (2) an appellant cannot raise new issues in a reply brief." *Commonwealth v. Williams*, 909 A.2d 383, 386 n.6 (Pa. Super. 2006) (internal citations omitted).

claim pursuant to section 9543 of the PCRA. *See id.* at 23-25; *see also* 42 Pa.C.S. § 9543(a)(2)(vi).[6]

We reject Kinnard's contention that he did not need to plead and prove that Dr. Guzzardi's expert report satisfied the newly-discovered fact exception to the PCRA's time bar. Although Kinnard contends that this was rendered unnecessary by his introduction of Dr. Guzzardi's opinion during the pendency of his first PCRA appeal, he ignores the fact that the initial letter was not part of his initial PCRA petition, having reportedly been authored on December 26, 2022—approximately three-and-a-half years after his judgment of sentence became final. Moreover, this letter was not, in fact, introduced before this Court, and the prior panel did not consider it (nor can we), because it was

---

[6] As our Supreme Court has explained, the newly-discovered facts exception to the PCRA's time bar is materially different from the substantive claim for relief based upon after-discovered evidence:

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (citations omitted).

never filed of record. *See Commonwealth v. Nasir*, 308 A.3d 812, 819 n.4 (Pa. Super. 2023) ("Under our Rules of Appellate Procedure, those documents which are not part of the 'official record' forwarded to this Court are considered to be non-existent.") (citation omitted).

A more fundamental problem for Kinnard, however, is that Dr. Guzzardi's report, dated May 4, 2024, is also not of record. As the PCRA court's supplemental opinion recognizes, it was only presented to the PCRA court via a letter that Kinnard authored pro se on November 18, 2024 and sent directly to the PCRA court judge's chambers while represented by counsel. *See* Pro Se Letter, 11/18/2024; Supplemental PCRA Court Opinion, 12/5/2024, at 13. The law is clear: "hybrid representation is not permitted in the Commonwealth, [and] our courts will not accept a pro se motion while an appellant is represented by counsel; indeed, pro se motions have no legal effect and, therefore, are legal nullities." *Commonwealth v. Williams*, 241 A.3d 353, 354 n.1 (Pa. Super. 2020) (cleaned up).

The report was never presented to the PCRA court through Kinnard's amended counseled PCRA petitions or any other filing by counsel. As such, Dr. Guzzardi's expert opinion is not before this Court and cannot be a basis for securing our jurisdiction to review the PCRA court's decision concerning this untimely PCRA petition.[7]

---

[7] Thus, the PCRA court erred by considering Dr. Guzzardi's report or issuing a substantive decision in response thereto.

- 11 -

Kinnard raises additional claims regarding the failure of both trial and initial PCRA counsel to have him evaluated by an expert. Kinnard's Brief at 17, 30, 34. Kinnard is correct that a "PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021), (footnote omitted). *Bradley*, however, occurred in the context of a first, timely PCRA petition. *Id.* at 384. We have held that "[n]othing in *Bradley* creates a right to file a second [or subsequent] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023); *see also Commonwealth v. Laird*, 331 A.3d 579, 583 (Pa. 2025) (holding "*Bradley* did not establish an equitable exception to the PCRA's time-bar" and "its rationale cannot be extended to create one"). "Because courts lack jurisdiction to hear an untimely PCRA petition, they necessarily lack jurisdiction to consider ancillary matters" like ineffective assistance of counsel claims. *Laird*, 331 A.3d at 599.

Kinnard seeks to raise claims of ineffective assistance of counsel in an untimely PCRA petition and fails to plead or prove any timeliness exception in this regard. "*Bradley* expanded the opportunities afforded a petitioner to raise ineffectiveness claims, albeit still requiring that the petitioner satisfy the jurisdictional one-year time-bar requirement." *Commonwealth v.*

- 12 -

***Branthafer***, 315 A.3d 113, 123 (Pa. Super. 2024). Further, it is well-settled law that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Fahy***, 737 A.2 214, 223 (Pa. 1999). We therefore are unable to consider the merits of these claims.

Finally, Kinnard argues that the PCRA court erred in dismissing his petition without a hearing. Kinnard's Brief at 20-21, 23, 25. We have recognized:

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Smith***, 244 A.3d 13, 16 (Pa. Super. 2020) (quotation marks and citation omitted).

Kinnard filed an untimely PCRA petition and failed to plead any exception to statutory time bar. As such, the PCRA court had no jurisdiction to rule upon the merits of the claims raised, and thus had no basis upon which to hold a hearing. ***See Commonwealth v. Marshall***, 947 A.2d 714, 723 (Pa. 2008) (concluding that petitioner was not entitled to evidentiary hearing on an untimely filed PCRA petition, which did not adequately allege any timeliness exceptions).

For that same reason, this Court lacks jurisdiction to consider the claims he raises on appeal. We therefore affirm the PCRA court's decision.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2026